# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANNE SPERLING, as Conservator of
JONATHAN BOTELLO, and
LORENZA BOTELLO,

      Plaintiffs,

      v.                                                                   No. 2:19-cv-721-WJ-CG

COMMUNITY INSURANCE GROUP SPC, LTD.,
ALL WORLD ASSURANCE COMPANY, LTD.,
ADMIRAL INSURANCE COMPANY,
STEADFAST INSURANCE COMPANY,
ENDURANCE SPECIALTY INSURANCE LTD.,
ILLINOIS UNION INSURANCE COMPANY, and
SWISS RE INTERNATIONAL SE,

      Defendants.

## MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTION TO REMAND

**THIS MATTER** is before the Court on Plaintiffs' Motion to Remand [Doc. 13], filed August 29, 2019. Plaintiffs brought this case to recover a judgment from a previous trial. Plaintiffs' motion raises the question of whether Defendants' removal of this case was proper.

On July 1, 2019, Plaintiffs filed their complaint against Defendants in the First Judicial District Court of Santa Fe County, New Mexico. Doc. 1-2 at 5. Defendants Admiral Insurance Company, Endurance Specialty Insurance Ltd., Illinois Union Insurance Company, and Steadfast Insurance Company then removed the case on diversity grounds to this Court on August 7, 2019. Doc. 1. Defendant Swiss Re International SE consented to the removal. Doc. 1-9 at 2. Defendants Allied World Assurance Company, Ltd.[1] (AWAC) and Community Insurance Group SPC, Ltd. (CIG) did not. Doc. 1 at 5-6. As a result, Plaintiffs filed the subject motion to remand the case.

---

[1] Allied World Assurance Company, Ltd. was misnamed as All World Assurance Company, Ltd. in the complaint.

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). AWAC and CIG did not join or consent to the removal. The removing Defendants, however, argue AWAC and CIG's consent was not required because they were improperly joined and were not served. Doc. 24 at 8.

## DISCUSSION

The removing Defendants argue AWAC and CIG were improperly joined because they are nominal parties with which Plaintiffs have no controversy. *Id.* at 8-13. They explain there is no controversy because AWAC and CIG have agreed or offered to pay their policy limits. The removing Defendants rely on *Gonzales v. Goodyear Tire & Rubber Co.*, No. CV 05-0941 BB/LFG, 2006 WL 8444552 (D.N.M. Jan. 25, 2006), for the proposition that once an insurance company has offered the maximum amount of recovery under their policy, there is no controversy between the plaintiff and the insurance company. In *Gonzales*, however, it was "undisputed . . . that the insurer ha[d] offered to pay the policy limits to Plaintiff." *Id.* at *3 (citing a letter from the claims adjuster offering to settle for policy limits). It is not undisputed here.

There is no evidence of a firm offer like in *Gonzales*, and although there is promise of an agreement between Plaintiffs and AWAC, one was not reached by the August 7, 2019 removal. An email from AWAC to Plaintiffs' counsel on August 6, 2019 makes this clear:

> I am writing to memorialize our agreement whereby you, as counsel for plaintiffs
> in the referenced matter, agreed to extend [AWAC's] time in which to answer or

2

> otherwise respond to the complaint for a period of 30 days from today in return for [AWAC's] agreement to take no action with respect to the lawsuit, *other than to work with you towards* payment of the remaining [AWAC] policy limits ($50,000) upon which you will dismiss [AWAC] with prejudice from the lawsuit and fully release it from any obligation with respect to the underlying claim.

Doc. 13-1 at 6 (*emphasis* added). The same can be said for CIG. On August 2, 2019, CIG's counsel sent an email to Plaintiffs' counsel stating: "we will continue to work towards resolution." *Id.* at 7. The removing Defendants, however, argue that CIG offered its policy limits at the trial and that their offer has not been revoked. Doc. 1 at 5-6. Context matters. The offer they are referring to was made while the jury was deliberating and was to settle all claims against the defendant. It was not an offer to pay CIG's policy limits in this case. Doc. 13 at 16. The removing Defendants have not shown that AWAC and CIG are nominal parties and, as such, improperly joined.

The removing Defendants argue Plaintiffs did not properly serve AWAC or CIG prior to removal because they did not comply with New Mexico's service requirements for unauthorized insurers.[2] Doc. 24 at 14-16. It is not clear from the record whether AWAC and CIG are unauthorized insurers, but this issue over whether AWAC or CIG are unauthorized insurers is not relevant to the Court's decision. All insurers who conduct business in New Mexico, whether authorized or unauthorized, must consent to the New Mexico Superintendent of Insurance as an agent for service of process. N.M. Stat. Ann. §§ 59A-5-31 ("Appointment of Superintendent as Process Agent") and 59A-15-6 ("Superintendent is Attorney of Unauthorized Insurer for Service of Process").

The Superintendent of Insurance issued "Acceptance of Service" certificates confirming both AWAC and CIG were served prior to the August 7, 2019 removal:

> I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Complaint, Summons, CD, check was *served on All*

---

[2] An unauthorized insurer is an insurer that does not have a certificate from the Superintendent of Insurance to transact insurance in New Mexico. *See* N.M. Stat. Ann. § 59A-1-8.

> *World Assurance Company on 7/8/2019* as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was *received by said company on 7/11/2019 confirmed by Postmaster return receipt*.
>
> I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Complaint, Summons, CD, check was *served on Community Insurance Group SPC, Ltd. on 7/19/2019* as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was *received by said company on 7/25/2019 confirmed by Postmaster return receipt*.

Doc. 13-1 at 4-5 (*emphasis* added); *see* NMRA, Rule 1-004(E)(3) ("Service may be made by mail . . . provided that the envelope is addressed to the named defendant and further provided that the defendant . . . signs a receipt for the envelope . . . containing the summons and complaint.").

Representatives of both AWAC and CIG also stated they were served prior to the August 7, 2019 removal. Doc. 13-1 at 1 (Declaration of Plaintiffs' Counsel: "On or about August 6, 2019 I had two conversations with a Mr. Paul DeGiulio, a Senior Vice President of [AWAC]. Mr. DeGiulio indicated AWAC had been served with the complaint in this case in State Court"); Doc. 6 at 1 (CIG's Motion for Extension of Time [Doc. 6]: "According to the New Mexico Superintendent of Insurance, [CIG] was served with process on July 25, 2019 when it received a copy of the summons and complaint from the Superintendent by mail on July 25, 2019."). The removing Defendants failed to show that AWAC and CIG were not served. The removing Defendants also failed to show that AWAC and CIG were improperly joined. Consequently, AWAC and CIG were required to join or consent to the removal for it to be proper. They did not and, thus, removal from state court was not proper. 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.").

Plaintiffs request the Court award attorney fees and costs related to the removal as well as sanction the removing Defendants. Doc. 13 at 17-22. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal." *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Plaintiffs alleged in their complaint that upon information and belief AWAC and CIG offered to pay their policy limits. Doc. 1-2 at 9-10; *id.* at 13. The removing Defendants, therefore, assumed such offers had been made when they removed the case. It was not until Plaintiffs' motion that evidence was presented showing AWAC and CIG were still negotiating a resolution. The Court, therefore, does not find that the removing Defendants' basis for removal was objectively unreasonable. Accordingly, sanctions against the removing Defendants are not warranted.

## CONCLUSION

AWAC and CIG did not join or consent to the removal as required by 28 U.S.C. § 1446(b)(2)(A). The removing Defendants' argument that AWAC and CIG's consent was not required because they were improperly joined and were not served is not persuasive. Removal, therefore, was improper. Attorney's fees and sanctions, however, are not warranted.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. 13] is **GRANTED except that** Plaintiffs' request for attorney fees and sanctions is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk of Court proceed to have this case remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**